**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Michael Palmer, an individual, Plaintiff, vs. City of Prescott, et al., Defendants. | No. CV-10-8013-PCT-DGC **ORDER** |

Defendants have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and an alternative motion for a more definite statement pursuant to Rule 12(e). Dkt. #26. Plaintiff has filed a motion seeking an extension of time to respond or leave to amend the complaint to cure the purported defects. Dkt. #27.

Pursuant to Rule 15(a)(2), and in the interest of justice, the Court will grant Plaintiff leave to file a second amended complaint. Plaintiff shall file the second amended complaint by **July 30, 2010**. Defendants' motion to dismiss the first amended complaint and alternative motion for a more definite statement will be denied as moot.

Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Court's Local Rules of Civil Procedure. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure are available at the following

1 | Internet website: www. law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of
2 | Civil Procedure may be obtained in the Clerk's Office and are available online at the Court's
3 | Internet website: www.azd.uscourts.gov (follow hyperlink titled "Opinions /Orders/Rules").

For purposes of the second amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the plaintiff is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements shall be set forth in separate and discrete numbered paragraphs. Each paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Plaintiff must set forth each discrete legal claim for relief in a separate count (i.e., count one, count two, etc.).

The second amended complaint must give Defendant fair notice of Plaintiff's claim and must plead "enough facts to state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

Plaintiff is warned that if he fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice. Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *see Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (district court did not err in dismissing pro se civil rights action for failure to comply with a local rule); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (district court did not err in dismissing pro se action for failure to comply with a court order).

**IT IS ORDERED:**

1. Plaintiff's motion for leave to amend (Dkt. #27) is **granted**.

2. Plaintiff shall have until **July 30, 2010** to file his second amended complaint. **No further extensions will be granted absent truly extraordinary circumstances.**

3. Defendants' motion to dismiss and alternative motion for a more definite statement (Dkt. #26) is **denied** as moot.

4. Plaintiff's amended motion for leave to amend (Dkt. #28) is **denied** as moot.

DATED this 14th day of July, 2010.

_____
David G. Campbell
United States District Judge