P. "Mike" Palmer
POB 5564
Glendale, AZ 85312
602-513-3738 (cell)
Dumb Pro Se

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF ARIZONA

| Peter Michael Palmer, an individual | CV 10-8013-PCT-DGC |
|---|---|
| Plaintiff, | **PLAINTIFF'S MOTION FOR DISQUALIFICATION PURSUANT TO 18 U.S.C. § 455** |
| vs. | |
| City of Prescott; et al., | |
| Defendants | (Judge David G. Campbell) |

## SYNOPSIS

Pursuant to 28 U.S.C. § 455 (a) & (b)(1) and Canon 3.C(1) of the Code of Judicial Conduct,[1] Plaintiff makes a timely motion calling for Judge David G. Campbell to be disqualified from further participation in this action because his impartiality can be reasonably questioned. Judge Campbell appears biased against Plaintiff and has demonstrated bias toward Defendant, as shown below.

Because the current practice of asking a judge if he is, or appears, biased is

---

[1] "The Code of Conduct is the law with respect to the ethical obligations of federal judges." *United States v. Microsoft*, 253 F.3d 34 ¶ 306 (DC Circuit 2001)

For the sake of brevity, I'll not recite the statute. Federal judges are expected to automatically disqualify themselves when § 455 is triggered. Therefore, it's presumed judges have a realtime working knowledge of recusal law. Similarly, because "every federal judge receives a copy of the Code, the Commentary to the Code, the Advisory Opinions of the Judicial Conference's Committee on Codes of Conduct, and digests of the Committee's informal, unpublished opinions," I'll not recite the Code either. (*Id.* at ¶ 297) As written, both state common sense principles for recusal.

inherently biased itself, suffering from the fatal flaw of being entirely subjective,[2] I request that if Judge Campbell does not see the appearance of bias as stated herein, that this motion be referred to another judge for consideration (except Judge Snow, for reasons that will become evident later), as is practiced in the District of Utah and the Southern District of Florida. (As examples of precedent and propriety if not practiced already in the District of Arizona in the interest of justice.)

## FACTS AND ANALYSIS

I first discerned the specter of bias about two weeks ago when I received the first (and, to date, only) order from Judge Campbell sternly stating that "Plaintiff is **warned** that if he fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice." (Dkt. #29, p2, line 21; emphasis mine.) On its face, the promise of "dismissal with prejudice" is prejudicial itself. For not even defendants had moved to dismiss all counts in my complaint, which means at least one count was actionable![3] And yet the Court is threatening to throw out the complaint with prejudice for failing to amend a complaint that has a valid claim? I know I'm only a dumb pro se but had I not amended the complaint, shouldn't the complaint have survived dismissal on its face? "Generally, a court will not dismiss a §

---

[2] It's like asking someone if they're in a cult. No one who's in a cult knows they're in a cult. If they knew it, they would get out. Stated another way, "Such an approach calls upon the judge to 'grade his own paper'" *Examining the State of Judicial Recusals after Caperton v. A . T. Massey:* Hearing Before the House Judiciary Comm's Subcomm. On Courts and Competition, 111th Cong. 5 (2009) (testimony of Charles G. Geyh), cited by the Supreme Court of Wisconsin, *State v. Allen* 2010 Wisc. LEXIS 10,*; 2010 WI 10 fn 67; 322 Wis. 2d 372; 778 N.W.2d 863

[3] The defendants were even more gracious. They did not strictly move for dismissals of the remaining Counts for failure to state a claim but allowed for a more definitive statement. Despite my admittedly inartful pleading, the defendants potentially see a set of facts entitling me to relief. The fact that the Court is threatening dismissal already appears prejudicial." A dismissal for failure to state a claim is appropriate only where it appears, beyond doubt, that the plaintiff can prove no set of facts that would entitle it to relief." *Morely v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

1983 action . . . at the pleading stage, unless it clearly appears that the plaintiff cannot factually support a claim for relief." (5 Fed. Proc. Forms § 10:63, citing *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652, 16 Fed. R. Serv. 2d 1 (1972); *Duncan v. Duckworth*, 644 F.2nd 653 (7th Cir. 1981) "[E]ven assuming that the bulk of charges in a complaint are dismissed for failure to state a § 1983 cause of action, the complaint itself is not subject to dismissal under [then] Fed R Civ P Rule 8(e)(1) so long as the remaining charges seem relatively clear and a defendant could reasonably be expected to answer the complaint as it stands." *Azar v Conley*, 456 F2d 1382 (6th Cir Ohio 1972) later app 480 F2d 220 (6th Cir 1973)." (Quoting 9 COA § 3.) Since the defendants did not move to dismiss Count Two, it stands to reason that they reasonably expected to answer that count.

Furthermore, Judge Campbell went on to warn that **"No further extensions will be granted . . . "** (Dkt. #29, p3, line 2; emphasis his.) It's not clear if he means "ever," for only to file an amended complaint. Whatever, this seems unnecessarily harsh considering that extensions are granted all the time and that defendants had already stipulated they "had no objection to an extension [of time]" as reported in my first (and only) Motion for Extension of Time. If the defendants are okay with an extension, why the heavy hand from the judge?

The specter of bias became more real a week later after I was able to research Judge Campbell's own citations ostensibly offered to substantiate his ominous warning.

### LINE UPON LINE

Judge Campbell cites Fed. R. Civ. P. 41(b) along with three precedents to justify his warning. While I do not dispute that Rule 41(b) allows a judge to dismiss an action for lack of action (but only if so moved by the defendant, not sua sponte), here defendants did not move to dismiss all the counts, so this rule is not applicable in the instant case. Moreover, Rule 41(b) does not mandate or require dismissal as portrayed by Judge Campbell. It merely allows it. Similarly, while dismissal with prejudice is allowed ("an adjudication on the merits"), dismissal with prejudice is also not

mandatory. "With prejudice" only attaches "unless the dismissal order states otherwise . . . " But, according to practice, dismissal with prejudice is a drastic last resort, as I will show.

Nevertheless, Judge Campbell cites three cases to justify his warning under Rule 41(b) that he may dismiss the action with prejudice. But in fact, the cases demonstrate otherwise.

First is *Ferdik v. Bonzelet* which is not on point for a number of reasons. Still, it's instructive because it fleshes out Judge Campbell's bias against plaintiff. There, Arizona District Court Judge Rosenblatt began by dismissing a pro se's initial complaint because it failed to state a claim. (Whereas here, one count was unchallenged, implying at least one valid claim.) But even though dismissed, it was not dismissed with prejudice. In fact, Judge Rosenblatt allowed the pro se two more opportunities to amend his complaint!

When he granted leave for the pro se to amend the complaint a second time (contrast that to this being only my first), Judge Rosenblatt warned the pro se that if he did not file by deadline, the complaint would be dismissed. (Again, that pro se's complaint had no valid claims at all.) The pro se failed to timely file his second amended complaint and Judge Rosenblatt dismissed the case. But as before, he did not dismiss with prejudice. This is evidenced by the absence of nomenclature and by the fact that after the pro se filed a motion to reconsider the dismissal, Judge Rosenblatt vacated the dismissal and accepted pro se's untimely filing.

The judge then referred the matter to a Magistrate judge, who allowed the pro se one more try to make his complaint conform. It was only after the pro se failed to act again that Judge Rosenblatt dismissed the complaint, apparently with prejudice, for a Rule 10 violation (not Rule 41), resulting in an appeal by the pro se.[4]

---

[4] There is nothing in the Ninth's description to indicate Judge Rosenblatt dismissed under Rule 41(b) and it seems unlikely he could have because he dismissed sua sponte, without motion from defendants. Indeed, defendants had not been served.

While the final dismissal was upheld on appeal for a violation of a Rule (the main point Judge Campbell is citing here) a dissenting judge said "It is essential to our liberal pleading rules that '[a]ll pleadings shall be so construed as to do substantial justice.' Fed. R. Civ. P. 8(f)." [Now Rule 8(e).] In contrast to that case which did not make a valid claim, which was fraught with egregious delays and consistent refusals by the pro se to meet deadlines, I am being told that a complaint that has a valid claim may be dismissed with prejudice. As before, that is prejudicial.

Again, I am not disputing the Court's ultimate authority per Rule 41(b). But as the Ninth said in this case, "[d]espite this authority, dismissal is a harsh penalty and therefore it should only be imposed in extreme circumstances." Mine is not an extreme circumstance, let alone a circumstance at all. There must be some reason for Judge Campbell's harsh threat of penalty. I submit it is bias.

Skipping over his second case for now, the third case cited by Judge Campbell to threaten dismissal with prejudice similarly is not an exact parallel to my situation. (Even if it were, the Ninth called it a "close case" so it's not dispositive.) There, a Court summarily dismissed a pro se's first petition (but **without prejudice**), due to a variety of procedural errors by the pro se. But here I'm being threatened with summary dismissal **with prejudice** if I make a "procedural error" by not filing an amended complaint, even though the original complaint has an actionable count, not challenged by defendants.

There, the court gave leave for the pro se to amend his petition but the pro se failed to do so in a timely matter. Even then the Court did not summarily dismiss the action with prejudice, as threatened here, but gave the pro se another month to challenge the dismissal.

It was only after the pro se filed two days late, after the gracious month extension had expired that the Court dismissed with prejudice. (But not per Rule 41(b).)

While in my view that Court acted properly with that twice tardy litigant,

surprisingly the Ninth reversed, saying the court "abused its discretion" by not considering the pro se's late pleading. So even in this extreme case of egregious dereliction by the pro se (which is not what we have in my case), the case cited by Judge Campbell does not support his stern warning to me. Rather it refutes it and therefore, demonstrates the appearance of bias.

These two cases cited by Judge Campbell exemplify egregious matters where pro se litigants have repeatedly failed to comply with the rules.[5] But even then, the courts have shown leniency and not threatened dismissal with prejudice.

For completeness, the second case cited by Judge Campbell, *Ghazali v. Moran* appears off point as it specifically cites a violation of a local rule to justify dismissing an action. While Judge Campbell hints to me in his Order that violating a local rule will result in dismissal with prejudice, he is unspecific at to what that rule might be. (p2, line 24-25) *Ghazali* involved a local rule in the Nevada District. Therefore, I presume he is alluding to Arizona's similar sounding LRCiv 7.2(I). If so, two points:

First, LRCiv 7.2(I) is about non-compliance regarding motions or answering memoranda or appearing for oral argument. But this matter is about amending a complaint. It is not about any of the three items specifically mentioned in the rule. (It cannot be about answering defendants' motion because the court ruled defendants' motion moot.) Thus this rule is not a basis for disposing of my complaint summarily as in *Ghazali* because there is no motion before this court. So *Ghazali* seems pointless.

Second, and more important for establishing the appearance of bias, this local rule does not allow dismissal with prejudice, as the judge implies. To go beyond what is written cast seeds of impropriety.

Even if I'm wrong about the applicability or limitations of LRCiv 7.2(I), it is not

---

[5] In the instant matter, the only faux pax I've made so far is to forget to attach a Certificate of Service to my Motion for Extension of Time, an error I caught and corrected sue sponte (and apologized for), which the Court may have not noticed had I not said anything. It was not willful. I had mailed the motion to opposing counsel. Professional attorneys have made the same error but are not punished for it.

a mandate / requirement, as I similarly argued for Fed. R. Civ. P. 41(b). As an example, in a case from the Eastern District of Pennsylvania, a pro se plaintiff did not respond to two motions to dismiss brought by defendants. *[Zamichieli v. Stoot; et al.,* CV 96-0254, June 30, 1999]. Judge Green there noted he could summarily dismiss, citing that District's equivalent to our LRCiv 7.2(I). Nevertheless, "in the interest of applying a less stringent standard toward this pro se plaintiff, the court will address the merits of both motions before ruling." (Also in the interest of justice I presume, as we'll see.) Despite the fact the plaintiff did not respond per the rule, the Court sustained one of plaintiff's counts! Again, contrast this to my case which had an actionable count in the original complaint. There is no ground for threatening to invoke this local rule against me to summarily dismiss. Had I failed to amend the complaint, the complaint should have continued on the one surviving count.

Now, speaking of local rules, let's go back to Rule 8(e), "Pleadings must be construed so as to do justice," as cited in Judge Campbell's first case. Compliance with Rule 8(e) and beyond appears the norm in the Arizona District. May I refer the Court to its colleague Judge Murgula who epitomized the concept of "bending over backward for the pro se litigant" in her August 5, 2009 (Final?) Order Re: *Cooke v. The Corporation of the President of the Church of Jesus Christ of Latter-day Saints* (CV 08-8080)? Even this inartful pro se sees that action as a laughable, patently frivolous civil right suit, arguably procedurally deficient from the onset (naming only a private party, the Mormon church, as Defendant in a § 1983 action). Even so, Judge Murgula was very lenient. Upon motion to dismiss by defendant, she dismissed without prejudice and allowed plaintiff an opportunity to amend his complaint. Contrast to here where a complaint with at least one standing count is threatened with dismissal with prejudice.

I realize these last two cites are not precedent and not binding on Judge Campbell. But they are typical of the even hand held out to the pro se litigant by the federal courts. And by way of contrast, show the heavy hand against me here.

## BIAS TOWARD DEFENDANTS

When there's bias against one party, it's often accompanied by bias toward the other. Such an action accompanied by an opposite reaction bolsters the hypothesis that bias is manifest. Here we see Judge Campbell's warning is a direct quote from defendants' proposed order that "If Plaintiff fails or declines to amend the Complaint within such (___) day period, this action shall be dismissed with prejudice."

But this cannot be a valid order because it is inconsistent with defendants own motion to dismiss.[6] There, they do not challenge Count Two of plaintiff's complaint. Therefore, Count Two must have some triable merit. Despite this, defendants ask the Court to dismiss the entire complaint with prejudice if I do not amend to clarify the remaining complaints. I assume Judge Campbell is highly competent. That he agreed to issue an inconsistent, arguably unlawful Order must then be due to bias toward the defendants and against plaintiff.

## MOTIVE

It is not necessary to provide motive in a § 455 motion because, unlike a §144 action, one doesn't have to prove bias, only the appearance of bias. Nevertheless, it's helpful to offer rational reasons for bias so that reasonable people can more easily see it. I offer motives from both the secular and non-secular perspectives.

From the secular perspective, from *Ferdik* (and from *Pagtalunan* citing *Ferdik*) we're told "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24." Since *Ferdik* and *Pagtalunan* are Judge

---

[6] It is also inconsistent with their later stipulation, which was in Judge Campbell's hands when he wrote his order, that they had no objection to my asking for an extension of time.

1   Campbell's cites, I presume he is aware of this five-prong test.

2   Here I focus on items (2) & (4), which I mention parenthetically seem to
3   conflict with another precedent that a federal judge is not to "inquire whether the
4   plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to
5   support their claims." *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996). Nevertheless, I
6   offer that Judge Campbell has already decided my case has no merit and is seeking the
7   harsh excuse to dismiss. He certainly is not offering a less drastic alternative, per (5).

8   Or it could be that Judge Campbell has been negatively influenced by a false
9   prejudicial statement made by defendants, wrongly presenting as fact that someone
10  obtained a criminal Order of Protection against me.[7] As the saying goes, "First
11  impressions count." They are hard to change. This was a bad first impression of me
12  presented by defendants. Since it is false and since defendants' motion containing that
13  falsehood has been ruled moot, it would be prudent at this point to go back to the pool
14  and have another judge randomly assigned who has not been tainted by this false
15  prejudicial statement.

16  As to the latter perspective, I have not been shy about my Christianity in my
17  pleadings, sometimes quoting the Bible. Perhaps Judge Campbell hates true believing
18  "Evangelical" Christians? History (both world and U.S.), as well as my personal
19  experience, has demonstrated a class-based, invidiously discriminatory animus toward
20  Evangelical Christians. Jesus warned His followers "All men will hate you because of
21  Me," and He has been proven true.

22  Further in support of this theory, while writing this Motion I discovered from
23  the *LDS Church News* that Judge Campbell is a member of the Church of Jesus Christ
24  of Latter-day Saints. (i.e., Mormon.) As 'fate' would have it, I am an Evangelist TO the

---

[7] In fact it was merely a civil Injunction Against Harassment, obtained under extraordinary circumstances involving, among other things, a judge who engaged in ex parte communication with that plaintiff, resulting in tampering of the court file. That matter has been filed as another civil right case in this District as CV10-08049.

Page 9 of 11

Mormon people, something easily discoverable from the *East Valley Tribune* Newspaper. It's also discoverable from numerous police reports from Mesa documenting assaults on me by numerous Mormons or perhaps through the Mormon grapevine, the Mormon community being very close, much like a bee hive. As I have confided in a State Senator who is Mormon that I am suing a Mormon judge for the ex parte matter mentioned above, it could be that word about me has gotten to the church members in the federal court.

Mormons have a class animus to Christians like myself and, prior to 1990, it was literally portrayed in the Mormon temple ceremony that those of us who preach the orthodox religion (as my quotes show I do) are hirelings of Lucifer, paid by the devil to convert members of the Mormon church. In fact, Mormons call me an "Anti-Mormon." So by definition, there is the de facto appearance of bias and a de facto invidious class distinction when a so-called Anti-Mormon litigant comes before a Mormon judge, as here.

Even if he didn't consciously know about my ministry to Mormons, Judge Campbell could still have known through "personal revelation." There is a spiritual dimension to these matters because we have two different spiritual fathers who are at enmity.[8] So even if Judge Campbell hadn't known I am a so-called "Anti," he could still have sensed it and that would express itself as visceral bias in his Order.

Regardless, he knows now, making recusal mandatory, per 28 U.S.C. § 144.

## NO HARM

Since, arguably, the only actual ruling from this Court has been "favorable" to me (or at least not against me), I cannot be accused of judge shopping. Further, since there has only been one ruling to date, calling for a "Do Over" of my complaint and defendants' subsequent Response, this is a good break point. There will be no harm or time lost to defendants or the public. There is no duty to sit (which is going by the

---

[8] Jesus told the unbelieving Jews, "You belong to your father, the devil . . ." See John 8:44.

wayside anyway) since little time has been invested by the judge and that investment is forfeit because the complaint has been amended, effectively restarting this action. There is no reason defendants should object to this Motion because it does not harm them. In fact, if defendants object to this Motion, it can only be because they observe the bias too, which, of course, being in their favor, they'd argue to keep the judge. Otherwise, defendants should be agnostic about this.

Whether actual bias or perceived, it doesn't matter. As Justice Scalia said, "what matters is not the reality of bias or prejudice but its appearance. Quite simply and quite universally, recusal [i]s required whenever 'impartiality might reasonably be questioned.'" *Liteky v. United States*, 510 U.S. 540 (1994)

**Wherefore**, because Judge Campbell has telegraphed that, contrary to the clear rules and clear case law he himself cited, he would dismiss my original compliant with prejudice despite at least one surviving triable count, I submit there is the appearance of bias here. Not only against me, but toward the defendants. Upon noticing the appearance of bias, plaintiff timely moves that Judge Campbell be disqualified from hearing this matter further and that another judge be randomly assigned to hear this action.

SUBMITTED this 6th day of August 2010

By: /s/ P. Michael Palmer
P. Michael Palmer
POB 5564
Glendale, AZ 85312
602-513-3738

**Certificate of Service:**

Copy of the foregoing mailed via U.S. Mail on August 6th, 2010 to:

Mr. Thomas Lloyd
Prescott Legal Department
POB 2059
Prescott, AZ 86302-2059