**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Michael Palmer, an individual, | No. CV-10-8013-PCT-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Prescott, et al., | |
| Defendants. | |

Plaintiff filed his initial complaint on January 22, 2010. Doc. 1. The Court granted Plaintiff's motion for leave to proceed *in forma pauperis*. Docs. 4, 5. Plaintiff filed a first amended complaint on April 2, 2010. Doc. 8. On June 14, 2010, Defendants filed a motion to dismiss some claims in Plaintiff's first amended complaint or, alternatively, for a more definite statement. Doc. 26. Plaintiff responded with a motion for extension of time to file a response or, alternatively, to file an amended complaint. Doc. 27. The Court entered an order on July 15, 2010, granting Plaintiff leave to file a second amended complaint. Doc. 29. The order required Plaintiff to file the second amended complaint by July 30, 2010, and denied Defendants' motion to dismiss as moot. *Id.* Plaintiff filed a second amended complaint on July 30, 2010. Doc. 30.

Plaintiff has now filed a motion to disqualify the undersigned judge pursuant to 28 U.S.C. § 455. Doc. 31. For the reasons that follow, the Court will deny the motion.

The sixth paragraph of the Court's order of July 15, 2010, provides as follows:

> Plaintiff is warned that if he fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice. Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *see Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (district court did not err in dismissing pro se civil rights action for failure to comply with a local rule); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (district court did not err in dismissing pro se action for failure to comply with a court order).

Doc. 29 at 2. Plaintiff views this paragraph as harsh, and argues that it shows bias against him. To the contrary, the Court routinely includes this paragraph or a similar paragraph in orders describing the duties of pro se litigants. *See*, *e.g.*, *Bathazor v. Union Pac. R.R. Co.*, No. CV-09-2581, 2010 WL 2836956, at *2 (D. Ariz. July 15, 2010); *Holmes v. City of Flagstaff*, No. CV-09-8156, 2010 WL 994190, at *5 (D. Ariz. Mar. 17, 2010); *Quain v. Clear Channel Comms., Inc.*, No. CV-09-2365, 2010 WL 682538, at *2 (D. Ariz. Feb. 25, 2010). This standard provision of the Court's orders does not reflect any bias against Plaintiff, nor against pro se litigants in general. The Court routinely provides warnings to pro se litigants so that they understand the significance of Court-imposed deadlines and rules and "'do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy.'" *Quain v. Cap Star Broad., Inc.*, No. CV-09-2365, 2010 WL 2573348, at *1 (D. Ariz. June 22, 2010) (quoting *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996)).

The Court's July 15 order granted Plaintiff until July 30, 2010 to file a second amended complaint, and stated that "[n]o further extension will be granted absent truly extraordinary circumstances." Doc. 29 at 2. Plaintiff claims that this too is a harsh statement that reflects bias against him. The Court included this statement because this case would be more than six months old by the time Plaintiff filed his second amended complaint and Plaintiff would have been afforded three opportunities to plead his claims. In the interests of moving this case forward, the Court made clear that the July 30 deadline was real. This too is a provision the Court routinely includes in orders granting extensions of time, both with pro se and represented litigants. *See*, *e.g.*, *Stetter v. Blackpool, LLC*, No. CV-09-1071, 2010 WL 2889928, at *2 (D. Ariz. July 21, 2010); *Bickler v. Senior Livestyle Corp.,* No. CV-

1 09-00726, 2010 WL 342584, at *1 (D. Ariz. Jan. 28, 2010); *Andrews v. Bridgestone/*
2 *Firestone, Inc.*, No. CV-07-1591, 2008 WL 5142155 at *2 (D. Ariz. Dec. 5, 2008). It reflects
3 no bias against Plaintiff.

4 Finally, Plaintiff contends that the undersigned judge is biased against him because
5 of his religious beliefs and activities. Plaintiff speculates that "[p]erhaps" the undersigned
6 judge "hates true believing 'Evangelical' Christians?" Doc. 31 at 9. Plaintiff also notes that
7 he is "an Evangelist TO the Mormon people" (*id.* at 9-10 (emphasis in original)), and
8 suggests the undersigned is biased against him because the undersigned is a member of the
9 Church of Jesus Christ of Latter-Day Saints. The undersigned is not biased against
10 Evangelical Christians, and had no knowledge of Plaintiff's activities with respect to
11 Mormons before Plaintiff described those activities in his motion to disqualify. Plaintiff's
12 activities with respect to Mormons have nothing to do with this case and will not influence
13 any rulings in this case.

14 Plaintiff's motion will be denied under 28 U.S.C. § 455. The undersigned judge holds
15 no bias against Plaintiff, and the facts set forth in Plaintiff's motion provide no basis upon
16 which the undersigned's impartiality might reasonably be questioned.

17 **IT IS ORDERED** that Plaintiff's Motion for Disqualification Pursuant to 28 U.S.C.
18 § 455 (Doc. 31) is **denied**.

19 DATED this 10th day of August, 2010.

David G. Campbell
United States District Judge

- 3 -