**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Peter Michael Palmer, an individual, | ) | No. CV-10-8013-PCT-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| City of Prescott, et al., | ) | |
| Defendants. | ) | |

On August 6, 2010, Plaintiff filed a motion to disqualify the undersigned judge pursuant to 28 U.S.C. § 455 on the ground that the undersigned is biased against Plaintiff because of Plaintiff's religious beliefs and activities. Doc. 31. The Court denied the motion because "[t]he undersigned judge holds no bias against Plaintiff, and the facts set forth in Plaintiff's motion provide no basis upon which the undersigned's impartiality might reasonably be questioned." Doc. 32 at 3. Plaintiff has filed a second motion to disqualify the undersigned judge, this time pursuant to 28 U.S.C. § 144. Doc. 34. Defendants have stated that they will not respond to the motion. Doc. 35. For reasons that follow, the Court will deny the motion.

**I.     Legal Standard.**

Under 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice . . . against him . . . , such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Before another

judge is to be assigned to hear the proceeding, however, the "judge against whom [the] affidavit of bias is filed" may determine its legal sufficiency. *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978). "Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case." *Id.* at 738; *see Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988) (A district judge need only assign the motion to another judge for a hearing "after the legal sufficiency of the affidavit is determined[.]").

"The standard for recusal under 28 U.S.C. § 144 . . . is whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993). "[M]ere conclusory allegations . . . are insufficient to support a claim of bias or prejudice such that recusal is required." *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (citing *United States v. Sibla*, 624 F.2d 864, 868-69 (9th Cir. 1980)).

**II.     Analysis.**

Plaintiff seeks disqualification of the undersigned judge for reasons unrelated to the claims and issues in this case. Plaintiff alleges that disqualification is required because the undersigned is a member of The Church of Jesus Christ of Latter-day Saints (the Mormons), Plaintiff is an Evangelical Christian to the Mormons (a fact unknown to the undersigned until Plaintiff disclosed it in his previous motion to disqualify), and the undersigned's religious beliefs therefore will make him biased against Plaintiff. Doc. 34. Plaintiff has provided an affidavit in which he makes various assertions about beliefs and commitments of practicing Mormons, concludes (correctly) that the undersigned is a practicing Mormon, and therefore asserts that the undersigned necessarily will be biased against him because he actively opposes Mormon beliefs and practices. Doc. 334 at 19-22.

Plaintiff's complaint in this case asserts claims against the City of Prescott and some of its police officers and city attorneys for violation of his Fourth and Fifth Amendment rights, negligent supervision, conspiracy, and conspiracy to obstruct justice. Doc. 30. Plaintiff's claims arise out of an encounter he had with police on January 23, 2009, and

1 subsequent events. *Id.* The claims do not relate to Plaintiff's activities with respect to
2 Mormons; The Church of Jesus Christ of Latter-day Saints is not a party to this litigation;
3 and, as the Court noted in its previous order, the undersigned is not biased against Plaintiff
4 individually or Evangelical Christians generally. Plaintiff's activities with respect to
5 Mormons have nothing to do with this case and will have no effect on the Court's rulings.[1]

6 As Plaintiff's motion correctly acknowledges, federal courts and judges consistently
7 hold that membership in a church does not create a sufficient appearance of bias to require
8 disqualification. Doc. 34 at 5; *see Feminist Women's Health Center v. Codispoti*, 69 F.3d
9 399, 400-401 (9th Cir. 1995); *Singer v. Wadman*, 745 F.2d 606, 608 (10th Cir.1984); *Menora*
10 *v. Illinois High School Ass'n*, 527 F.Supp. 632, 634 (N.D. Ill. 1981); *State of Idaho v.*
11 *Freeman*, 507 F.Supp. 706, 729 (D. Idaho 1981); *see also Commonwealth of Pennsylvania*
12 *v. Local Union 542, International Union of Operating Engineers*, 388 F.Supp. 155
13 (E.D.Pa.1974).

14 As the Tenth Circuit has explained:

15 [M]erely because Judge Stewart belongs to and contributes to the
Mormon Church would never be enough to disqualify him. . . . Religious
16 freedom is one of the Constitution's most closely guarded values. The First
Amendment prohibits congressional action respecting an establishment of
17 religion, or prohibiting its free exercise. Article VI, clause 3, provides that all
governmental officers be bound by an oath to support the Constitution, and
18 that "no religious Test shall ever be required as a Qualification to any Office
or public Trust under the United States." Should we require federal judges to
19 disclose the firmness of their beliefs in religious doctrine, it is a very fine line
before we enter the business of evaluating the relative merits of differing
20 religious claims.

21 *In re McCarthey*, 368 F.3d 1266, 1270 (10th Cir. 2004) (quotation marks and citations
22 omitted).

23 Given this well established law and the conclusory nature of Plaintiff's affidavit
24 regarding the undersigned's alleged bias, the Court concludes that Plaintiff's affidavit is
25 legally insufficient to require disqualification under 28 U.S.C. § 144. No reasonable person

26

27 [1] Plaintiff asserts that police reports in this case "tangentially show that plaintiff is a
so-called 'Anti-Mormon,'" Doc. 34 at 4, but any such reference in the reports will reveal
28 nothing more than Plaintiff already has disclosed in his motions to disqualify.

with knowledge of all the facts would conclude that the undersigned's impartiality might reasonably be questioned. *Taylor*, 993 F.2d at 712. As Judge Higginbotham noted in denying a similar motion to disqualify under § 144: "If the facts pleaded do not warrant my disqualification, I am not only permitted to continue to preside over the case, I have an affirmative duty not to withdraw." *Commonwealth of Pennsylvania*, 388 F.Supp. at 159 (citations omitted).

**IT IS ORDERED** that Plaintiff's motion to disqualify (Doc. 34) is **denied**.

DATED this 7th day of September, 2010.

_____
David G. Campbell
United States District Judge