1  PRESCOTT LEGAL DEPARTMENT
    Post Office Box 2059
    Prescott, Arizona 86302-2059
2      (928) 777-1288

3  By: THOMAS A. LLOYD
    Az. State Bar No.: 019524
4  E-Mail: thomas.lloyd@prescott-az.gov

5  Attorney for Defendants

6          IN THE UNITED STATES DISTRICT COURT

7          IN AND FOR THE DISTRICT OF ARIZONA

8  PETER MICHAEL PALMER, an individual,  ) No. CV 10-8013-PCT-DGC
                            )
9            Plaintiff,          )
                            )
10   -vs-                   )
                            )  **DEFENDANTS' REPLY TO**
11 CITY OF PRESCOTT,  a political subdivision of  )  **PLAINTIFF'S RESPONSE TO**
  the State of Arizona; RANDY L. OAKS and JANE )  **DEFENDANTS' MOTION TO**
12 DOE OAKS, husband and wife; RICHARD GILL  )  **DISMISS PLAINTIFF'S**
  and JANE DOE GILL, husband and wife; KEN  )  **SECOND AMENDED COMPLAINT**
13 MORELY and JANE DOE MORELY, husband  )
  and wife; CHAD SLOCUM and JANE DOE  )
14 SLOCUM, husband and wife; CASEY COOK  )
  and JANE DOE COOK, husband and wife; DAN  )
15 MURRAY and JANE DOE MURRAY, husband  )
  and wife; GARY KIDD and JANE DOE KIDD,  )
16 husband and wife; MATTHEW P. PODRACKY  )
  and JANE DOE PODRACKY, husband and  )
17 wife; JOHN and JANE DOES I – X,  )
                            )
18           Defendants.     )
                           )
19 _____

20      Defendants make this reply to the Plaintiff's Response to the Defendants' Motion to Dismiss

21 Plaintiff's Second Amended Complaint:

22      After Plaintiff filed his First Amended Complaint, the Defendant filed a motion for a more

23 definite statement of certain counts of that Complaint.  The Court granted Plaintiff leave to amend,

24 and the Plaintiff has now filed his Second Amended Complaint, which includes additional counts.

25

1  The Defendants have filed the present motion to dismiss.  In response to the Defendants' motion to

2  dismiss counts of the Second Amended Compliant, the Plaintiff now seeks further amendments.

3       The above circumstances suggest that Plaintiff will likely make further repeated attempts to

4  amend complaints, including adding additional claims, making it highly likely that the Defendants

5  will file also further motions to dismiss counts of a contemplated third amended complaint.  Because

6  the Court has already provided an opportunity for amendments, but the Plaintiff added claims and

7  now seeks even further amendments, Defendants now request that the Second Amended Complaint be

8  dismissed in its entirety to avoid further prolonging this litigation with repeated and likely futile

9  attempts at further amendments.  *See Vasquez v. Los Angeles ("LA") County*, 487 F.3d 1246,

10 1258 (9th Cir. 2007) (district court may deny leave to amend if amendment would have been

11 futile); *California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466,

12 1472 (9th Cir. 1987) (denial of leave to amend is within the district court's discretion if amendment

13 would be futile).  Although a court should consider meaningful alternatives to dismissal and may give

14 a plaintiff an opportunity to amend a complaint, a court is not required to allow a plaintiff multiple

15 opportunities to file amended complaints when prior amendments have proved futile.  *See McHenry v.*

16 *Renne*, 84 F.3d 1172, 1175 (9th Cir. 1996) (dismissal for failure to comply with Federal Rules of

17 Civil Procedure 8(a) and 12(e)).  Because the court has already considered reasonable opportunities

18 and alternatives and allowed the Plaintiff an opportunity to amend his complaint, but he apparently

19 will now seek additional such opportunities, including filing new counts as he has already done, ". .

20 . dismissal [is] not an abuse of [the court's] discretion. Somewhere along the line, the rights of the

21 defendants to be free from costly and harassing litigation must be considered. So too must the time

22 and energies of our courts and the rights of would-be litigants awaiting their turns to have other

23 matters resolved." *Von Poppenheim v. Portland Boxing and Wrestling Commission*  442 F.2d

24

25

2

Prescott Legal Department
Post Office Box 2059
Prescott, Arizona 86301-2059

1 1047, 1054 (9th Cir. 1971) (dismissal under Rule 41(b), failure to obey court order).

2 **I. Fifth Amendment Claim (self-incrimination) - Count Three**

3        Despite Plaintiff's argument that he was "'compelled' to answer inquiries of a police officer or

4 face arrest or jail," which he contends distinguishes *Chavez v. Martinez*, 538 U.S 760, 123 S. Ct. 1994

5 (2003), *Chavez* make it clear that no Fifth Amendment claim exists unless the plaintiff's allegedly

6 compelled statements were actually used in a criminal proceeding against him.  Plaintiff has not

7 alleged that his statement was used against him.  Moreover, contrary to Plaintiff's argument here, the

8 plaintiff in *Chavez* indeed made a Fifth Amendment self-incrimination claim.  In *Chavez* the plaintiff

9 filed suit under a state statute and "42 U.S.C. § 1983, maintaining that Chavez's [the officer] actions

10 violated his Fifth Amendment right not to be 'compelled in any criminal case to be a witness against

11 himself'"; the plaintiff in *Chavez* also made a Fourteenth Amendment due process claim.  538 U.S. at

12 765, 123 S.Ct. at 2000.  In *Chavez*, the alleged compulsion resulted from the plaintiff having made

13 statements to an interviewing officer while the plaintiff was hospitalized, receiving treatment for a

14 gunshot wound, and complained, among other things, "I'm dying" during the officer's questioning.

15 Thus, *Chavez's* determination regarding the requirement for a viable Fifth Amendment self-

16 incrimination claim controls the result here.

17        Plaintiff also seems to argue that *Chavez* is distinguishable because the plaintiff in *Chavez* was

18 never seized, while here Plaintiff alleges he was "held against his will."  But because Plaintiff's

19 Second Amended Compliant also alleges a separate 4th Amendment unlawful seizure claim, Count

20 One, the Defendants did not cite or rely on *Chavez* in arguing for the dismissal of that "unlawful

21 seizure" claim.  Instead, the Defendant relied on *Chavez* to support its arguments that Plaintiff has not

22 stated a Fifth Amendment self-incrimination claim, as he denominated it in Count Three of his Second

23 Amended Complaint.  Additionally, the allegations in Plaintiff's Count Three do not characterize his

24

25

Prescott Legal Department
Post Office Box 2059
Prescott, Arizona 86301-2059

3

Prescott Legal Department
Post Office Box 2059
Prescott, Arizona 86301-2059

1  claim as a Fourteenth Amendment claim, as the plaintiff in *Chavez* had pled, and as Plaintiff now

2  apparently attempts to characterize his claim.

3      Additionally, although Plaintiff clearly and specifically pled this claim as a federal Fifth

4  Amendment, section 1983 claim, he now seeks to amend it further, in an apparent Third Amended

5  Complaint, as either a Fourteenth Amendment claim under section 1983, or as a state law claim under

6  A.R.S. § 13-2412, independent of section 1983.  Depending on the manner in which they are pled,

7  both of the contemplated state law and Fourteenth Amendment claims may also be subject to yet a

8  third motion to dismiss.  Because Plaintiff cites no authorities that a civil, state law claim is

9  cognizable under A.R.S. § 13-2412, such an amended claim would likely again be subject to a

10  motion to dismiss and prove futile.  This statute merely defines a criminal offense, and it cannot

11  reasonably read to imply the creation of a civil remedy.  *See Federal Sav. and Loan Ins. Corp. v.*

12  *Reeves* , 816 F.2d 130, 138 (C.A.4 (Md.),1987) (no civil claim inferred from criminal fraud,

13  misrepresentation and embezzlement statute), *citing Flowers v. Tandy Corp.,* 773 F.2d 585, 589

14  (4th Cir.1985) ("implied causes of action are disfavored and should be found only where a statute

15  clearly indicates that the plaintiff is one of a class for whose benefit the statute was enacted and

16  there is some indication that Congress intended such a cause of action to lie"); *see also, e.g.,*

17  *Knutson v. County of Maricopa ex rel. Romley*, 175 Ariz. 445, 446, 857 P.2d 1299, 1300 (App.

18  1993) (court rule requiring notification of crime victims did not imply a civil right of action for

19  violation of the rule).  Instead, the statute can reasonably be read to state that a criminal offense

20  occurs only if a detained person refuses to give his name, and that no criminal offense occurs if an

21  officer seeks to compel any other information.  Any violation of this state statute cannot serve as a

22  basis for either a federal civil rights claim under section 1983 or an independent state law claim.

23      Construing the extensive and detailed factual recitation in Plaintiff's Second Amended

24

25                                              4

Prescott Legal Department
Post Office Box 2059
Prescott, Arizona 86301-2059

1  Complaint most favorably to the Plaintiff, even as a Fourteenth Amendment claim nothing in his

2  allegations (Second Amended Complaint ¶¶ 31 -52) demonstrates that any statement or evidence

3  was obtained "by methods that are 'so brutal and so offensive to human dignity that they 'shoc[k]

4  the conscience'" and violate the Due Process clause.  *Chavez*, 538 U.S. at 774, 123 S. Ct. at .2005,

5  *quoting Rochin v. California,* 342 U.S. 165, 172, 174, 72 S.Ct. 205, 96 L.Ed. 183 (1952).  Under

6  these standards for a Fourteenth Amendment due process claim, the allegations that the officer

7  "compelled" Plaintiff to give his birth date while the officer was standing on a front porch of a

8  residence, stuck his foot in the front door to keep Plaintiff from closing it, and asking one more

9  question, under the threat of arrest or jail, is far from the "plausible" claim that must be alleged for

10  the type of Fourteenth Amendment due process compulsion claim described in *Chavez*.[1]  *Ashcroft*

11  *v. Iqbal*, 129 S.Ct. 1937, 1949 (U.S., 2009) ("To survive a motion to dismiss, a complaint must

12  contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

13  face.'").  The Plaintiff here was far from suffering from the type of trauma and compulsion that

14  might have been experienced by a hospital patient being treated for a gunshot wound while being

15  questioned by a police officer; even the claim in *Chavez*, was not a plausible claim.  It is beyond

16  credulity that the officer's behavior here was so brutal or offensive that it shocks the conscience

17  and violated Fourteenth Amendment Due Process under the standards enunciated in *Chavez*.

18  Accordingly, allowing the Plaintiff here to amend his claim as a Fourteenth Amendment claim

19  would be futile and the Court may properly dismiss Count Three.  *See Vasquez* 487 F.3d at 1258

20  (upon consideration of a 12(b)(6) motion the district court does not abuse its discretion in refusing

21  to grant leave to amend a complaint if such amendment would be futile and could not state a

22

23  [1] Any such arrest without probable cause would itself be an independent section 1983 claim for
24  simple arrest with out probable cause and hardly a 14th Amendment claim for the "torture or its

25

claim).

For all these reasons, the count does not sufficiently allege a Fifth Amendment self-incrimination claim, and it would be futile to now allow an amendment to make it a Fourteenth Amendment Due Process claim.  Accordingly, the claim is subject to dismissal.

## II.  Count Six  (A or B)  1983 – Conspiracy to Obstruct Justice

Despit Plaintiff's extensive allegations about the failure to provide public records, Plaintiff now argues that the claim is not about releasing public records, and he now characterizes this count as an "obstruction of justice, a Fourteenth Amendment due process (or abuse of process) issue," although "obstruction of justice" is a phrase associated with 42 U.S.C. § 1985.

This new claim (or two new claims, Counts 6 (A) and (B)) now also introduces further confusion that is subject to a more definite statement.  Although Plaintiff explains there was one "typo," it is not clear whether the typographical error was that the claims were *supposed to be section 1983 claims* (omitting the "(2)"), or that they were supposed to be section 1985 claims. Then he goes on to say that it *IS* a section 1983 claim, but then lends uncertainty by saying that it "*could be* a §1985(2) 'first clause' action, Obstructing of Justice'" or it "*could be* §1985(3) 'first clause' action," and a discrimination claim against him as a member of the "good citizen 'troublemaker' seeking justice" class.   Response, p. 5.

Plaintiff's characterization of this claim as "obstruction of justice, a Fourteenth Amendment due process (or abuse of process)" claim, and the confusion over whether the claims are being asserted under section 1983, section 1985(2)(first clause), or section 1985(3) ("first clause"), are but examples of the need for a more a definite statement, something the Defendants originally asked for in their first motion before these new claims were asserted.   But because continuing to allow the Plaintiff to allege

close equivalent" that Justice Kennedy disapproved of in his combined concurrence/dissent.

Prescott Legal Department
Post Office Box 2059
Prescott, Arizona 86301-2059

1   new claims in each amended complaint will likely result in repeated new claims and futile

2   amendments, and generate additional motions for more definite statements or motions to dismiss, at

3   the least these claims should be dismissed, since the court has already provided Plaintiff with

4   opportunities to amend his Complaint.  Because of Plaintiff's demonstrated practice of filing amended

5   complaints with new claims, which themselves are subject to motions for more definite statement or

6   motions to dismiss, the appropriate remedy, however, is to dismiss the action altogether to prevent

7   prolonging this litigation with the repeated practice of introducing new claims.

8   **III.   Count Seven 42 U.S.C. 1983 - Conspiracy**

9          This is apparently a new claim clearly denominated a conspiracy claim under section *1983*

10  claim, instead of a section 1985 conspiracy claim as Count Six may have been intended to be.  As near

11  as can be determined, Plaintiff characterizes this count initially as an "unlawful Fourth Amendment

12  seizure" and "[l]ater Fourteenth Amendment (Abuse of Process) deprivation."  Response, p. 9, lns. 18-

13  19 and 25 – 26.  Because Plaintiff's Count Two already alleges a Fourth Amendment unlawful

14  detention against Slocum and Cook, it is not clear how the conspiracy allegations of Count Seven, if it

15  also included a Fourth Amendment unlawful detention violation, is different from Count Two.

16         Although Plaintiff appears to focus on the whole investigative process regarding the "criminal

17  faxing" charge that was lodged against him as a conspiracy to obstruct justice[2] (Response, p. 9, ln. 20;

18  p. 10, ln. 12 and 13), it is impossible to determine the specific substantive constitutional provision that

19  these allegedly conspiratorial acts violated.  Although the Defendants agree that his claim should be

20  construed liberally, Plaintiff's Response still fails to argue and cite a single authority that these acts,

21

22  _____

23  [2] The "criminal faxing" apparently arose out of Plaintiff's mailing and faxing a pleading to Mrs.
    Bodine, which was being investigated by Officer Murray as a violation of an injunction against

24  harassment that Bodine had obtained against the Plaintiff.  Second Amended Complaint ¶¶ 19, 65 -
    69; Plaintiff's Response, Exhibit 2, ¶¶ 128 - 137.

25

Prescott Legal Department
Post Office Box 2059
Prescott, Arizona 86301-2059

1   even if they were coordinated as a conspiracy to investigate and have him charged with "criminal

2   faxing" or a possible violation of an injunction against a court order, are a plausible constitutional

3   conspiracy claim and not subject to dismissal. *See, e.g., Broam v. Bogan*, 320 F.3d 1023 (9th Cir.

4   2003) (no constitutional due process right to have witness in criminal investigation interviewed in a

5   particular manner); *cf. Procunier v. Martinez*, 416 U.S. 396, 419, 94 S.Ct. 1800, 1814 (1974)(due

6   process violated by restriction on prisoners access to members of the bar and licensed private

7   investigators to interview inmate clients); *Cornett v. Donovan*,51 F.3d 894, 898 (9th Cir. 1995)

8   (Fourteenth Amendment due process and equal protection provisions included the right of

9   institutionalized persons to be provided with legal assistance beyond the pleading stage of a case).

10   Plaintiff fails to identify the substantive right that has allegedly been violated, or cite any authority

11   that what occurred is a violation of any such right.

12       The lack of clarity about what specific constitutional provision is alleged to have been violated,

13   and whether the specific alleged acts plausibly comprise a constitutional violation, make it impossible

14   to later assess the application of any qualified immunity defense, as the Defendants argued in their

15   original motion for a more definite statement.

16       Additionally, although the complaint contains factual recitations of alleged wrongful acts,

17   this alone is not sufficient to allege a conspiracy under section 1983.  To avoid dismissal and prove

18   a conspiracy between defendants under § 1983, "an agreement or meeting of minds to violate the

19   [plaintiffs] constitutional rights must be shown." *Woodrum v. Woodward County, Okl.*, 866 F.2d

20   1121, 1126 -1127 (9th Cir 1989), *citing Fonda v. Gray,* 707 F.2d 435 (9th Cir. 1983).  Conclusory

21   allegations that officials conspired do not support a claim for violation of constitutional rights

22   under § 1983.  *Woodrum*, 866 F.2d at 1126, *citing Aldabe v. Aldabe,* 616 F.2d 1089 (9th Cir.

23   1980); *Lockary v. Kayfetz,* 587 F.Supp. 631 (D.Cal. 1984) (allegations of conspiracy must be

24

25                                                        8

Prescott Legal Department
Post Office Box 2059
Prescott, Arizona 86301-2059

1   supported by material facts, not merely conclusory statements).  To survive a 12(b)(6) motion, "[a

2   section 1983] conspiracy claim . . . requires allegation of specific facts tending to show 'meeting

3   of the minds' among the alleged conspirators." *Murray v. Lene*, 595 F. 3d 868, 870 (8th Cir 2010),

4   *citing Kearse v. Moffett*, 311 F.3d 891, 892 (8th Cir. 2002) (per curiam), and *Smithson v. Alrich*,

5   235 F.3d 1058, 1063 (8th Cir. 2000).[3]  In addition to failing to show a substantive constitutional

6   violation, *see Woodrum*, Plaintiff's allegations are also devoid of any facts that would tend to show

7   or from which it could be inferred there was an agreement or a meeting of the minds to violate his

8   constitutional rights.   Furthermore, the futility of any further amendments is demonstrated by the

9   Plaintiff's proposed amendment to this count, which also lacks a single specific fact tending to

10  show or from which it could reasonably be inferred that the Defendants had an agreement or

11  meeting of the minds to violate the Plaintiff's constitutional rights.

12        The fact that this is a newly alleged count in this Second Amended Complaint again

13  demonstrates the futility of allowing further amended Complaints; the original Count Six conspiracy

14  claim alleged it as an equal protection claim, while the most recent Count Seven conspiracy claim has

15  no such allegation regarding a specific constitutional violation, other than a generic and conclusory

16  "bstruction of justice" statement.   Had this count been alleged in the First Amended Complaint, its

17  verbosity and lack of clarity about the specific constitutional provision violated, the identity of the

18

19  [3]  Similar requirements apply to claims under 42 U.S.C. §1985 "A claim under [section 1985]
20  must allege facts to support the allegation that defendants conspired together. A mere allegation of
    conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dept.*
21  839 F.2d 621, 626 (C.A.9 (Cal.),1988).  An amended complaint that contains legal conclusions but
    no specification of any facts to support the claim of conspiracy is insufficient to support a
22  conspiracy claim alleging a civil right violations under 42 U.S.C. § 1985(3). *Id.*  "To survive a
    motion to dismiss, the plaintiff must plead specific facts to support the existence of the alleged
23  conspiracy. *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir.1989). Vague and conclusory
    allegations of a conspiracy are insufficient to state a claim." *Buckheit v. Dennis*  2010 WL
24  1998767, 7 -8  (N.D.Cal. 2010), *citing Karim-Panahi*.  839 F.2d at 626

25                                                9

1    defendants accused of the conspiracy, and the facts showing how the Defendants conspired together

2    to commit the alleged wrongful acts, this count too, would have been subject to the Defendants' first

3    motion for a more definite statement.  Any further amendment to clarify this allegation will likely

4    result in yet another motion to dismiss.

5        Because any further amendment of this claim will again be vulnerable to a third motion to

6    dismiss, dismissal of the entire Second Amended Compliant more appropriate.

7    **IV.  CONCLUSION**

8        Although the Defendants originally moved to dismiss only certain counts of the Second

9    Amended Complaint, they now suggest that dismissal of the entire Complaint and all claims is

10   appropriate in order to terminate this litigation and avoid repeated attempts to amend and the need for

11   the court to consider subsequent multiple motions to dismiss directed at new counts in subsequent

12   amended complaints.  Although the Court has already given the Plaintiff an opportunity to amend his

13   First Amended Complaint, instead of just amending the claims in that complaint, Plaintiff actually

14   alleged NEW claims that were subject both to motions for more definite statement and to dismiss.  To

15   prevent the Plaintiff's continued practice of adding new claims that will likely generate additional

16   motions to dismiss (just as the Second Amended Complaint did) this litigation should be terminated

17   by dismissal to prevent further abuses of the liberal opportunity to amend.  The Court has already

18   given Plaintiff sufficient opportunities to amend his Complaint, and dismissal of the Second Amended

19   Complaint in its entirety is now appropriate.

20       RESPECTFULLY SUBMITTED this 11ᵗʰ day of _October_, 2010.

21                                  CITY OF PRESCOTT LEGAL DEPARTMENT

22

23                                  THOMAS A. LLOYD
                                    Chief Assistant City Attorney

24

25

Prescott Legal Department
Post Office Box 2059
Prescott, Arizona 86301-2059

10

1

Copy of the foregoing mailed this
2   _10th_ day of _October_____, 2010, to:

3   P. Mike Palmer
    Post Office Box 5564
4   Glendale, AZ  85312
    Plaintiff

5
    _W. Johnston_____
6

7

8

9

Prescott Legal Department
Post Office Box 2059
Prescott, Arizona 86301-2059

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

11