**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Michael Palmer, an individual, | No. CV-10-8013-PCT-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Prescott, et al., | |
| Defendants. | |

On August 6, 2010, Plaintiff filed a motion to disqualify the undersigned judge pursuant to 28 U.S.C. § 455 on the ground that the undersigned is biased against Plaintiff because of Plaintiff's religious beliefs and activities. Doc. 31. The Court denied the motion because "[t]he undersigned judge holds no bias against Plaintiff, and the facts set forth in Plaintiff's motion provide no basis upon which the undersigned's impartiality might reasonably be questioned." Doc. 32 at 3. On August 20, 2010, Plaintiff filed a second motion to disqualify, this time pursuant to 28 U.S.C. § 144. Doc. 34. The Court denied the motion in an order dated September 8, 2010. Doc. 38. Plaintiff has now filed a motion to reconsider the prior decisions. Doc. 40. The Court will deny the motion.

Plaintiff's motion for reconsideration appears to be untimely. Local Rule of Civil Procedure 7.2(g)(2) provides that "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than fourteen days after the date of the filing of the Order that is the subject of the motion." The Court's last order denying Plaintiff's motion to disqualify was filed on September 8, 2010. Doc. 38. Plaintiff's motion for

reconsideration was filed more than fourteen days later, on September 24, 2010. Doc. 40. Because Plaintiff is proceeding *pro se* and the motion was filed within a few days of the deadline, however, the Court finds good cause to consider the motion and will not deny it as untimely.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008). Nor should reconsideration be used to ask the Court to rethink its analysis. *Id.*; *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Plaintiff argues that the Court misapprehended the law and incorrectly ruled on his motion to disqualify under the 28 U.S.C. § 144. In support, Plaintiff cites a recent set of opinions published by the Wisconsin Supreme Court in *State v. Allen*, 778 N.W.2d 863 (Wis. 2010). The numerous individual opinions in *Allen* appear to represent a 3-3 split among justices of the Wisconsin Supreme Court on whether a majority of that court can disqualify another justice on the basis of speeches made while campaigning for election to the court. These opinions, arising out of the elected nature of Wisconsin Supreme Court, and none of which commanded a majority of that court, do not control a federal district judge's obligations under § 144. The Court previously cited and relied on Ninth Circuit law, as well as cases from other federal courts, in deciding the proper approach to Plaintiff's disqualification motion. Doc. 38. Nothing in the various opinions in *Allen* suggests the Court erred.

Plaintiff attaches to his motion congressional testimony and a law review article.

- 2 -

Doc. 40, Exs. 2 and 3. The views expressed in the testimony and article are not controlling. This Court must follow Ninth Circuit decisions and other relevant federal cases.

Plaintiff attaches to his motion a single page from a Federal Judicial Center paper suggesting that judges do not have a duty to sit on cases assigned to them. *Id.* Ex. 5.[1] This paper likewise is not controlling over federal case law. Courts continue to recognize that judges have an affirmative duty to sit on assigned cases when the law does not require disqualification. As the Ninth Circuit has explained: "a judge has 'as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.'" *Clemens v. United States District Court*, 428 F.3d 1175, 1179 (9th Cir. 2005) (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

Congress did amend 28 U.S.C. § 455 in 1974 to do away with the "duty to sit" doctrine which held that disqualification could occur only when there has been a clear demonstration of bias or prejudice on the part of the judge. *United States v. Jaramillo*, 745 F.2d 1245, 1249 (9th Cir. 1984). As amended, § 455 requires disqualification if the judge's impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). This standard was applied in the Court's order of August 11, 2010. Doc. 32.[2]

Plaintiff's motion does not show that the Court's previous decisions were erroneous. Nor has Plaintiff shown that he could not have presented these arguments in previous motions through reasonable diligence. The Court will therefore deny the motion for reconsideration.

---

[1] Plaintiff's only other exhibit is one that was already submitted with his previous motion to disqualify. Doc. 40, Ex. 4.

[2] In discussing this "duty to sit" doctrine, Plaintiff twice argues that the undersigned should not be permitted to "squat" in this case. Doc. 40 at 11, lines 11 and 15. Plaintiff is advised that there is no place in civil litigation for derisive language. "Neither the modern view of civil pleading nor the liberal pro se practice of this court has done away with the time honored notion that the law and the courts of the United States are important parts of American society worthy of respect." *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978).

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 40) is **denied**.

DATED this 18th day of October, 2010.

_____
David G. Campbell
United States District Judge