P. "Mike" Palmer
POB 5564
Glendale, AZ 85312
602-513-3738 (cell)
Pro Se

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| Peter Michael Palmer, an individual | CV 10-8013-PCT-DGC |
|---|---|
| Plaintiff, | **MOTION TO ALLOW INTERLOCUTORY APPEAL** |
| vs. | |
| City of Prescott; et al., | |
| Defendants | |

Pursuant to 28 U.S.C. § 1292(b) (coupled with three day extension for service by mail, per Fed.R.Civ.P. 6(d)[1]), plaintiff asks the Court to certify its August 11, September 8 and October 18 Orders for interlocutory appeal. This is the next logical and proper step of seeking recusal for religious bias as outlined in the on point *Church of Scientology Int'l v. Kolts*, 846 F. Supp. 873, 886-87 (C.D. Cal. 1994)

Plaintiff, described as an "Anti-Mormon" by members of the Church of Jesus Christ of Latter-day Saints (a term used by that church itself), remains concerned that he cannot get a fair hearing before a devout Mormon judge,[2] especially knowing that

---

[1] Please forgive this pro se if I misunderstand the three day extension for service by mail. The Court thought my prior motion for reconsideration "appeared" untimely, even though it was filed within fourteen + three days, per Rule 6(d) mentioned therein as here. If Rule 6(d) does not apply, please note I am only one day past fourteen (ten.)

[2] It is presumed Judge Campbell is a true-believer. It was reported in the LDS *Church News* (an official publication of the Mormon Church) in November 2004 that the judge then was "a former bishop and is serving in his second stake presidency." www.ldschurchnews.com/articles/46430/LDS-federal-judges-raising-the-bar.html He has not denied or repudiated these teachings, nor has he disclosed them, the latter being

true-believing Mormons believe I am a hireling of Lucifer, paid by the devil. (See affidavit citing the pre-1990 Mormon temple ceremony in Document 34.)

I fear I have further prejudiced the judge against me by disclosing parts of his "sacred" temple ceremony (*Id.*), which the church considers blasphemy. Just as devout Muslims are to kill those who (they say) blaspheme Mohammed, so too there has been a Mormon call for the death for those who "reveal any of the secrets" of the Mormon temple ceremony. While I don't expect physical death at the hands of Judge Campbell, 20 years of observation and experience from dealing with government authorities in my ministry to Mormons suggests a Mormon judge will bury my lawsuit.

The official Mormon church teaching and policy of literally portraying Christian evangelists like me as hirelings of Lucifer constitutes an extreme "prior relationship "which "requires recusal" per the US Supreme Court in *Caperton v. Massey*, 556 U.S. ___ (2009).

Per *Caperton*, plaintiff argues there is a de facto high probability of actual bias and wishes to preserve his fourteenth amendment right to due process now rather than being deprived of the right through trial and then forced to repair harm and recover damages at the end via appeal.[3] Therefore, consistent with recusal practice and the guidance from *Church of Scientology*, this matter calls for challenge now.[4]

---

one method to assuage fears when there are concerns of bias over a judge's financial involvements.

If "faith without works is dead," doesn't it follow that a judge's works will follow his faith?

[3] In fact, I would be foreclosed from recovering damages from Judge Campbell for a due process violation. He would claim absolute immunity and not suffer any consequences for refusing to recuse. To wait until the end of the matter is a win-win for a biased judge and a lose-lose for his victim.

[4] As stated before in my previous motions, this is to preclude the court from accusing me of "judge shopping" after any adverse rulings (50 AMJUR POF 3d 449). And to preclude the court from citing "sour grapes." Quoting 8 Fed. Proc., L. Ed. §

1    Following District Court Lew's instructions in *Church of Scientology* then, "Where litigation is pending before a federal district court and the party believes that the judge . . . has taken improper and prejudicial action, several avenues for relief are available: (1) a party can ask the judge to reconsider his ruling [per Local Rule]; (2) a party can move to recuse the judge (28 U.S.C. §§ 144, 455); (3) a party can seek mandamus relief from a Court of Appeals (28 U.S.C. § 1651); or (4) a party can seek to certify the issue and take [sic?] an immediate appeal (28 U.S.C. § 1292."

I believe Judge Campbell has taken improper and prejudicial action by not recusing himself. I have moved twice for recusal, once under § 455 and once under § 144, just as West Virginia Justice Benjamin was asked to recuse twice in *Caperton* but refused.[5] I have asked the judge to reconsider his ruling. Having exhausted those remedies, I now seek to certify the issue and make an immediate appeal.

There will be no harm certifying this issue. Defendants have consistently remained agnostic in this matter of disqualification. This case is still in its infancy, so

---

20:49, "If a motion to disqualify is not made at the earliest possible moment after obtaining information of possible bias, some courts will require the moving party to demonstrate good cause for seeking disqualification at a later date or may apply a plain-error review standard on appeal. The Second Circuit Court of Appeals has stated that in determining whether a recusal motion is untimely, it will look to whether: (1) the movant has participated in a substantial manner in trial or pretrial proceedings; (2) granting the motion would represent a waste of judicial resources, [etc.]" Therefore, it is in the best interest both parties to grant this interlocutory appeal now so we don't have to do a "re-do" after the fact, as with *Caperton*. More so since history shows that no case has ever been overturned and remanded to another judge when the "politically incorrect" topic of religious bias has been claimed.

[5] There is no solace in a judge asserting he is not biased. Wouldn't a biased judge say that? As pointed out in *Caperton*, asking a judge if he's biased is a fatally flawed procedure. ("Finding that 'no man can be a judge in his own case.'") Such assurances carry little weight and only lower the public confidence in the judiciary, especially when the judge rules against the party claiming bias and then is reversed or removed on appeal, as in *Caperton*.

there will be no waste of judicial resources.[6]

As with the Supreme Court's independent, objective intervention, where it found a [high] probability of actual bias in Judge Benjamin (despite his steadfast subjective self-examination to the contrary), so here we need the Ninth Circuit's independent, objective intervention to preserve my fourteenth amendment right.

If Judge Campbell is not biased, as he maintains, he has nothing to fear from granting this motion.

SUBMITTED this 29th day of October 2010

By: /s/ P. Michael Palmer
P. Michael Palmer
POB 5564
Glendale, AZ 85312
602-513-3738

**Certificate of Service:**

Copy of the foregoing mailed via
U.S. Mail on October 29, 2010 to:

Mr. Thomas Lloyd
POB 2059
Prescott, AZ 86302-2059

---

[6] Nevertheless, Judge Campbell remains steadfast that he has a strong duty to sit. For the record, Judge Campbell took umbrage at a word I used while discussing the "duty to sit." Please know that because I'm a Christian, I am commanded to respect those in authority. No derision was intended and the fact that umbrage was taken when none was meant may be a manifestation of bias.

In the context of discussing an alleged "duty to sit," I thought I was using a present tense form of "sit." I have since learned that one definition of "squat" is "to settle on unoccupied land without legal claim," which, fortuitously, is what I meant the word to mean. (a la Humpty Dumpty.) But I'm not that smart and was using the term before as we did in college - to describe the act of steadfastly holding claim to one's dorm room during the lottery, as in "squatter's rights."