**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Peter Michael Palmer, an individual, | ) | No. CV-10-8013-PCT-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| City of Prescott, et al., | ) | |
| Defendants. | ) | |

Plaintiff seeks the right to pursue an interlocutory appeal under 28 U.S.C. § 1292(b). Doc. 49. A district court may certify an issue for interlocutory appeal under § 1292(b) only when (1) there is a "controlling question of law," (2) on which there are "substantial grounds for difference of opinion," and (3) "an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)). "All three requirements must be met for certification to issue under that statute." *Best Western Int'l, Inc. v. Govan*, No. CIV 05-3247-PHX-RCB, 2007 WL 1545776, at *3 (D. Ariz. May 29, 2007) (citation, quotation marks, and brackets omitted).

Plaintiff has identified no controlling question of law he seeks to appeal, much less one on which there is a substantial ground for difference of opinion. The Ninth Circuit has made clear that a § 1292(b) appeal is warranted only when the question is one of law – not fact, and not the application of law to fact – and only when that question clearly is unsettled in the courts: "To determine if a substantial ground for difference of opinion exists under § 1292(b), courts must examine to what extent the controlling law is unclear. Courts

1 traditionally will find that a substantial ground for difference of opinion exists where the
2 circuits are in dispute on the question and the court of appeals of the circuit has not spoken
3 on the point, if complicated questions arise under foreign law, or if novel and difficult
4 questions of first impression are presented." *Couch v. Telescope, Inc.*, 611 F.3d 629, 633
5 (9th Cir. 2010) (quotation marks and citation omitted).

6 Plaintiff's concern in this case is not with the principles of law that control motions
7 to disqualify under 28 U.S.C. §§ 144 and 455, but with how the Court has applied those well-
8 settled principles to the facts of this case. That concern does not amount to a controlling
9 question of law. Plaintiff clearly disagrees with the Court's decisions, but that disagreement
10 does not create a question of law. "[A] party' strong disagreement with the Court's ruling
11 is not sufficient for there to be a substantial ground for difference" on a controlling question
12 of law. *Couch*, 611 F.3d at 633.

13 Because § 1292(b) is a departure from the normal rule that only final judgments are
14 appealable, the statute "must be construed narrowly," *James v. Price Stern Sloan, Inc.*, 283
15 F.3d 1064, 1067 n.6 (9th Cir. 2002), and "applied sparingly and only in exceptional cases,"
16 *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959). Plaintiff has not shown
17 that this is one of the rare cases appropriate for interlocutory appeal under § 1292(b).

18 **IT IS ORDERED** that Plaintiff's Motion to Allow Interlocutory Appeal (Doc. 48)
19 is **denied**.

20 DATED this 9th day of November, 2010.

David G. Campbell
United States District Judge

- 2 -