**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Michael Palmer, an individual, | )   No. CV-10-8013-PCT-DGC |
| | ) |
| Plaintiff, | )   **ORDER** |
| | ) |
| vs. | ) |
| | ) |
| City of Prescott, an Arizona municipal corporation; Randy L. Oaks; Richard Gill; Ken Morley; Chad Slocum; Casey Cook; Dan Murray; Gary Kidd; Matthew P. Podracky; and Jane Doe spouses, | )<br>)<br>)<br>)<br>) |
| | ) |
| Defendants. | ) |
| | ) |

This suit arises out of an incident on January 23, 2009, when Prescott police officers are alleged to have unlawfully seized Plaintiff and compelled him to answer certain questions. The second amended complaint purports to assert several claims: unlawful seizure (count one), unlawful detention (count two), Fifth Amendment violation (count three), negligent supervision (counts four and five), conspiracy to obstruct justice (count six), and conspiracy (count seven). Doc. 30. Defendants have filed a motion to dismiss counts three, six, and seven pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 33. Plaintiff has filed a response (Doc. 41) and a motion for leave to file a third amended complaint pursuant to Rule 15(a)(2) (Doc. 44). No party has requested oral argument. For reasons that follow, the Court will grant the motion to dismiss and deny leave to amend.

1    **I.      Legal Standards.**

2           When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6),

3    the factual allegations are taken as true and construed in the light most favorable to

4    the plaintiff.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  "'[C]onclusory

5    allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss

6    for failure to state a claim.'"  *In re Cutera Sec. Litig.*, 610 F.3d 1108 (9th Cir. 2010).

7    To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim

8    to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

9    "[W]here the well-pleaded facts do not permit the court to infer more than the mere

10   possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the

11   pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quoting Fed.

12   R. Civ. P. 8(a)(2)).

13          Rule 15 of the Federal Rules of Civil Procedure declares that courts should "freely

14   give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  While "this

15   mandate is to be heeded," leave to amend may be denied if the amendment would be futile.

16   *Foman v. Davis*, 371 U.S. 178, 182 (1962).

17   **II.     Count Three.**

18          The Fifth Amendment "right to remain silent" claim asserted in count five of the

19   second amended complaint (Doc. 30 ¶¶ 102-05) will be dismissed because the statements

20   allegedly compelled by the police have not been used against Plaintiff in a criminal case, and

21   "it is not until their use in a criminal case that a violation of the Self-Incrimination Clause

22   occurs[.]"  *Chavez v. Martinez*, 538 U.S. 760, 767 (2003); *see Aguilera v. Baca*, 510 F.3d

23   1161, 1173 (9th Cir. 2007) ("Only after a compelled incriminating statement is used in a

24   criminal proceeding has an accused suffered the requisite constitutional injury for purposes

25   of a § 1983 action.").

26          Plaintiff seeks to amend count three to assert a Fourteenth Amendment claim.

27   Docs. 44 at 2, 45 at 19.  Statements compelled "by methods that are 'so brutal and so

28   offensive to human dignity' that they 'shock the conscience' violate the Due Process Clause"

1    of Fourteenth Amendment. *Chavez*, 538 U.S. at 774 (quoting *Rochin v. California*, 342 U.S.

2    165, 172, 174 (1952)). Plaintiff allegedly was "compelled" to provide his date of birth when

3    Officer Cook stood on the front porch of a residence, stuck his foot in the door to keep

4    Plaintiff from closing it, and continued to question Plaintiff under threat of arrest. Doc. 45

5    ¶¶ 23-52. Those facts, even under the most liberal of constructions, do not state a plausible

6    due process violation. The alleged misconduct on the part of Officer Cook was not "so

7    brutal and so offensive to human dignity" that it "shock[s] the conscience." *Chavez*, 538

8    U.S. at 774. Plaintiff's request for leave to amend count three will be denied as futile. *See*

9    *Foman*, 371 U.S. at 182.

## III.    Count Six.

11    Count six asserts claims for "conspiracy to obstruct justice" under 42 U.S.C. § 1983.

12    Doc. 30 ¶¶ 117-26. Defendants are alleged to have impeded Plaintiff's access to public

13    records relating to the discipline of Officers Cook and Slocum in violation of Arizona's open

14    records law and with the intent of thwarting a civil suit. *Id.* But Plaintiff has failed to allege

15    any constitutional provision or federal law granting him a federal right of access to the City's

16    public records.

17    Moreover, the factual allegations (*id.* ¶¶ 60-64, 81-90) are insufficient to show an

18    unlawful conspiracy among Defendants. "While legal conclusions can provide the

19    framework of a complaint, they must be supported by [adequate] factual allegations." *Iqbal*,

20    129 S. Ct. at 1950. The conspiracy claims asserted in count six of the second amended

21    complaint will be dismissed.

22    Plaintiff seeks to amend count six to assert violations of 42 U.S.C. §§ 1985(2) and (3).

23    Docs. 44 at 2, 45 at 21. Those sections contain several discrete substantive clauses

24    concerning conspiracies to interfere with civil rights. *See Bretz v. Kelman*, 773 F.2d 1026,

25    1027-28 & n.3 (9th Cir. 1985). The proposed third amended complaint does not identify the

26    specific clauses under which the § 1985 claims would be brought. Plaintiff states in his

27    response that his claim "could be a § 1985(2) 'first clause' action, 'Obstructing Justice' in

28    the most liberal interpretation of that clause[.]" Doc. 41 at 5. The Court does not agree.

1    The first clause of § 1985(2) concerns "conspiracies to interfere with justice in the

2  federal courts[.]" *Bretz*, 773 F.2d at 1028.  To state a claim under that clause, a plaintiff must

3  allege facts showing "(1) a conspiracy by the defendants; (2) to injure a party or witness in

4  his or her person or property; (3) because he or she attended federal court or testified in any

5  matter pending in federal court; (4) resulting in injury or damages to the plaintiff." *Portman*

6  *v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993).  The facts alleged in the

7  proposed third amended complaint (Doc. 45 ¶¶ 60-64, 81-90, 117-126), even when construed

8  liberally in Plaintiff's favor, do not show a conspiracy, that is, "an agreement or 'meeting of

9  the minds' by [D]efendants to violate his constitutional rights." *Caldeira v. County of Kauai*,

10  866 F.2d 1175, 1181 (9th Cir. 1989).

11    The second clause of § 1985(2) concerns "conspiracies to interfere with justice in

12  the state courts 'with intent to deny any citizen' '*due and equal protection* of the laws[.]'"

13  *Bretz*, 773 F.2d at 1028 (quoting statute; emphasis in *Bretz*).  It is well settled that the

14  "equal protection" language requires "an allegation of class-based animus for the statement

15  of a claim under that clause." *Id.* at 1030; *see Portman*, 995 F.2d at 909.  Plaintiff "has made

16  no such allegation, and consequently has stated no such claim." *Bretz*, 773 F.2d at 1030.

17    The first clause of § 1985(3) provides a cause of action for a private conspiracy to

18  deprive "any person or a class of persons of equal protection of the laws, or of the equal

19  privileges and immunities under the laws."  42 U.S.C. § 1985(3).  The second clause

20  provides a cause of action for a conspiracy to hinder state authorities from giving or securing

21  to all persons "the equal protection of the laws[.]" *Id.*; *see Bretz*, 773 F.2d at 1028 n.3.  "The

22  language requiring intent to deprive of equal protection, or equal privileges and immunities,

23  means that there must be some racial, or perhaps otherwise class-based, invidiously

24  discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S.

25  88, 102 (1971); *see Caldeira*, 866 F.2d at 1182 (allegations of "invidiously discriminatory,

26  racial or class-based animus[] is necessary to state a claim under section 1985(3)").  The

27  proposed third amended complaint contains no allegation of invidious or class-based

28  discrimination on the part of Defendants.  Plaintiff asserts in his response that the class

1   discriminated against in this case "would be the class of 'good citizen troublemaker seeking

2   justice'" (Doc. 41 at 5), but cites no legal authority showing that such a class is covered by

3   § 1985(3).[1]

4        It would be premature to dismiss count six at the pleading stage, Plaintiff asserts,

5   because factual issues exist that must be resolved through discovery.  Doc. 41 at 7.  But

6   Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than

7   conclusions."  *Iqbal*, 129 S. Ct. at 1950.

8        The proposed third amended complaint fails to state a plausible claim under § 1985.

9   Leave to amend will be denied with respect to count six because the proposed amended

10   claims would be futile..

11   **IV.   Count Seven.**

12        Count seven of the second amended complaint asserts a conspiracy claim under

13   § 1983.  Doc. 30 ¶¶ 127-143.  Defendants argue, correctly, that no specific constitutional

14   violation is stated.  Docs. 33 at 14, 43 at 8.

15        Moreover, to establish a conspiracy among state actors for purposes of § 1983, "the

16   plaintiff must show an agreement or 'meeting of the minds' by the defendants to violate his

17   constitutional rights."  *Caldeira*, 866 F.2d at 1181.  Conclusory allegations that Defendants

18   conspired "do not support a claim for a violation of [Plaintiff's] constitutional rights under

19   § 1983."  *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989).  Even when

20   liberally construed, the factual allegations of the second amended complaint do not allow the

21   Court to draw the reasonable inference that Defendants conspired to help a private person

22   serve papers on Plaintiff, to bring a retaliatory and "bogus criminal faxing charge" against

23   him, or to prevent him from bringing civil rights claims by putting him in jail.  *See* Doc. 41

24   at 9-10.

25        The pleading deficiencies are not cured in the proposed third amended complaint.

26   Doc. 45 ¶¶ 127-41.  Count seven of the second amended complaint will be dismissed and

27

28        [1]The third clause of § 1985(3) does not apply as it "provides a cause of action to interfere with federal elections."  *Bretz*, 773 F.2d at 1028 n.3.

1  leave to amend that claim will be denied as futile.

2  **V.    Conclusion.**

3        The Court recognizes its obligation to freely give leave to amend when justice so

4  requires, Fed. R. Civ. P. 15(a)(2), and to "ensure that pro se litigants do not unwittingly fall

5  victim to procedural requirements," *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996).

6  To this end, the Court granted Plaintiff leave to amend after Defendants moved to dismiss

7  the first amended complaint for failure to state a claim to relief.  Docs. 26, 27, 29.  Plaintiff

8  has now had two opportunities to amend his original complaint.  Docs. 1, 8, 30.  Although

9  he is proceeding pro se, Plaintiff "must follow the same rules of procedure that govern other

10  litigants."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986).

11        Having carefully considered the allegations in the second amended complaint

12  (Doc. 30), the parties's briefs (Docs. 33, 41, 43), and relevant legal authority, the Court

13  concludes that counts three, six, and seven do not satisfy the pleading requirements of Rule 8,

14  as interpreted by *Twombly* and *Iqbal*.   The Court further concludes that the pleading

15  deficiencies are not cured in the proposed third amended complaint.  Doc. 45.  The motion

16  to dismiss will be granted and leave to amend will be denied.  *See McHenry v. Renne*, 84

17  F.3d 1172, 1174, 1179-80 (9th Cir. 1996) (affirming dismissal of amended complaint where

18  it failed to satisfy Rule 8's pleading requirements).[2]

19       **IT IS ORDERED:**

20       1.     Defendants' motion to dismiss (Doc. 33) is **granted**.  Counts three, six, and

21             seven of the second amended complaint (Doc. 30) are **dismissed**.

22       2.     Plaintiff's motion for leave to file amended complaint (Doc. 44) is **denied**.

23

24

25

26

---

27      [2]The Court will not consider the argument made for the first time in Defendants' reply

28  that the second amended complaint should be dismissed in its entirety (Doc. 43 at 2).  *See Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007) ("It is well established that issues cannot be raised for the first time in a reply brief.").

3.     The Court will set a case management conference by separate order.

DATED this 9th day of December, 2010.

_____
David G. Campbell
United States District Judge