PRESCOTT LEGAL DEPARTMENT
Post Office Box 2059
Prescott, Arizona 86302-2059
(928) 777-1288

By: THOMAS A. LLOYD
Az. State Bar No.: 019524
E-Mail: thomas.lloyd@prescott-az.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PETER MICHAEL PALMER, an individual, | No. CV 10-8013-PCT-DGC |
| Plaintiff, | **JOINT PROPOSED CASE MANAGEMENT REPORT** |
| -vs- | |
| CITY OF PRESCOTT, a political subdivision of the State of Arizona; RANDY L. OAKS and JANE DOE OAKS, husband and wife; RICHARD GILL and JANE DOE GILL, husband and wife; KEN MORLEY and JANE DOE MORLEY, husband and wife; CHAD SLOCUM and JANE DOE SLOCUM, husband and wife; CASEY COOK and JANE DOE COOK, husband and wife; DAN MURRAY and JANE DOE MURRAY, husband and wife; GARY KIDD and JANE DOE KIDD, husband and wife; MATTHEW P. PODRACKY and JANE DOE PODRACKY, husband and wife; JOHN and JANE DOES I – X, | |
| Defendants. | |

The parties have met pursuant to the Court's Order Setting Rule 16 Case Management Conference and the parties file the following Joint Proposed Case Management Plan.

**1.    Parties Attending Rule 26 (f) Meeting**

Peter Michael Palmer, pro se

Thomas A. Lloyd, Chief Assistant City Attorney
Attorney for Defendants

**2.     Parties in the Case:**

Plaintiff: Peter Michael Palmer

Defendants: City of Prescott, Randy L. Oaks, Richard Gill, Ken Morley, Chad Slocum, Casey Cook and spouses thereof, as part of the marital community, John and Jane Does.

**3.     Nature of the Case.**

   **a.     Plaintiff's Statement of the Claims.**

Plaintiff's Counts Three, Six (A) and (B), and Seven were dismissed pursuant to the Court's Order (Doc. 51). Because Count Six (A) and (B) were the only Counts against Defendants Kidd and Podracky and Count Seven the only Count against Officer Murray, they do not remain as defendants in the case.

The remaining claims in this case are: (1) Cook's alleged unlawful seizure without reasonable suspicion in violation of the Fourth Amendment and 42 U.S.C. §1983, based on Officer Cook's detention and questioning of Plaintiff at Plaintiff's acquaintance's residence for the purposes of verifying Plaintiff's identity in Cook's investigation of Plaintiff (Count One); (2) Cook and Slocum's unlawful detention in violation of the Fourth Amendment and 42 U.S.C. § 1983 for Officer Cook's demand for information under color of law, threatening arrest during his investigation for Plaintiff to provide identifying information not required by Arizona law, such as his date of birth, address, and phone number, other than just Plaintiff's name to verify his identity, and for Sgt. Slocum's failure, as Cook's supervisor, to correct Cook's unlawful request (Count Two); (3) for Sgt. Slocum's alleged negligent supervision of Cook in the above two alleged claims (Count Four); (4) for the City's, Randy Oaks' (former Prescott Chief of Police), and Lieutenants Richard Gill's and Ken Morley's "grossly negligent" supervision of Slocum and Cook in failing to investigate, correct, and discipline Slocum's and Cook's above alleged violations and their "deliberate indifference" in having policies and customs "caus[ing] the [above] violations of Plaintiff's rights," especially considering  Slocum's past

disciplinary history with a Fourth Amendment violation by Prescott IA, whereupon he was sanctioned and on notice; that the issue of a Fourth Amendment violation was documented by Officer Murray in the subsequent police report; and that Plaintiff put these supervisors on notice by filing a complaint with the Arizona Peace Officer Standards & Training Board, who in turn forwarded the complaint to then Chief Oaks. (Count Five). All claims allege punitive damages.

The Plaintiff contends that Cook could not have been investigating an Injunction Against Harassment, as such Injunction was not served on Plaintiff until January 23, 2009, after his encounter with Officer Cook.

    b.    **Defendants' Statement of the Case and Defenses.**

In this case Prescott Police Officer Casey Cook was responding to a phone call from a citizen, and was investigating Plaintiff's possible violation of an Injunction Against Harassment when Cook traveled to a residence owned by one of Plaintiff's acquaintances just outside the City to attempt to locate the Plaintiff. At the residence Plaintiff informed Officer Cook he did not consent to a consensual stop, and Officer Cook remained in the open front doorway of the residence as Plaintiff responded to some of Cook's requests for identification and other identifying information of his name, address, phone number, and date of birth in Cook's attempts to verify the Plaintiff's identity. Plaintiff contended he only had to give his name, which he then did, but insisted he was under no lawful obligation to answer any of Cook's other questions. Although Cook first questioned Plaintiff in the open door of the residence, the Plaintiff later stepped outside the residence at Cook's request and Cook further questioned Plaintiff about the other identifying information other than Plaintiff's name. Cook disputes that any arrest was "threatened". After Plaintiff provided his driver's license, which included his name, date of birth, and physical description, Cook left the residence.

Defendants Slocum and Cook assert that reasonable suspicion existed to stop and detain the Plaintiff for investigative purposes to determine his identity, to question him for additional identifying

Prescott Legal Department
Post Office Box 2059
Prescott, Arizona 86301-2059

information beyond his mere name, and that these activities did not violate any constitutional right. Alternatively, the officers assert that qualified immunity protects them from liability for any such stop, detention, or questioning because it did not violate any clearly established Constitutional right of which the officers should have reasonably known. Defendants contend that the Arizona statute, A.R.S. § 13-2412, which requires a citizen to only give his name, is irrelevant to any claims, as the statue only defines a criminal offense and does not define the scope of a Constitutional investigatory questioning; Plaintiff was never arrested or prosecuted for a violation of A.R.S. § 13-2412.

Additionally, as to the state law negligent supervision claims (Counts Four and Five), the City, Slocum, Oaks, Gill, and Morley assert that they did not negligently supervise Cook and Slocum in failing to investigate or discipline Slocum or Cook for any alleged Fourth Amendment violations.

For the state law claims, no Notices of Claim were separately served on the individual defendants, as required by A.R.S. § 12-821. Additionally, the notice of claim provided to the City did not set forth any claim for alleged negligent supervision by any of the Defendants (Plaintiff's Counts Four and Five), other than an alleged failure (of unidentified officers) to conduct a disciplinary investigation into Cook's and Slocum's alleged Fourth Amendment unlawful seizure of Plaintiff. For these reasons, these state law claims are barred.

Sgt. Slocum also contends that he did not negligently supervise Cook in failing to correct Cook about the identifying information that Cook asked Plaintiff and believed he was required to provide (Count Four). The City of Prescott, Chief Oaks and Lieutenants Gill and Morley also assert that they did not negligently (or were not "deliberately indifferent") in supervising and failing to investigate or discipline Cook or Slocum for any alleged Fourth Amendment violation and that they had no such custom or policy of allowing such violations. Despite the fact that these claims use some language commonly associated with section 1983 claims ("deliberate indifference" and "policy or

custom", Complaint ¶¶ 112, 114), the Defendants interpret these claims solely as state common-law negligence claims, because they do not invoke section 1983.

The Defendants' spouses are not liable on any of Plaintiff's claims because as members of the marital community, the spouses did not consent to any of the officers' acts and such acts did not benefit the marital community.

Finally, the Defendants assert that they may not be held liable for punitive damages either on the state claims (A.R.S. § 12-820.04) or on section 1983 claims.

### 4. Jurisdictional Basis

Other than Plaintiff's assertion in his Complaint that jurisdiction exists under 28 U.S.C. §§ 1331, 1343, 2201, and 2202, Defendants know of no other jurisdictional basis for Plaintiff's claims. All parties are residents of Arizona.

### 5. Parties Served and Answered

The Defendants know of no parties who have not been served, and all parties have answered.

### 6. Additional Parties & Amended Pleadings

The Defendants do not anticipate that any other parties will be added or that any additional amended pleadings will be filed and dispute Plaintiff's contention regarding further amendments; the Plaintiff has filed a Second Amended Complaint.

Plaintiff contends that he does not waive his right to amend the complaint in the interest of justice to include John and Jane Does after Discovery.

### 7. Expedited Trial Alternative

The Defendants have determined that such alternative is not appropriate in this case. The undersigned Attorney for Defendant certifies that he has discussed the Expedited Trial Alternative with the Prescott City Attorney, City Mayor, and the individual officers.

**8.   Contemplated Motions**

a.   The Defendants contemplate motions for summary judgment on the issues of:

i. No Fourth Amendment violation occurred in detaining and questioning the Plaintiff on matters such as his address, date of birth and phone number for the purposes of the officers' investigation.

ii.   Reasonable suspicion existed to stop and detain the Plaintiff briefly for the purposes of the officer's investigation of the violation of a court order/Injunction Against Harassment, and to request identifying information from the Plaintiff such as his name, address, phone number and date of birth to verify the Plaintiff's identity as part of that investigation.

iii.   Whether qualified immunity protects the individual police officers from liability for Plaintiff's claims under 42 U.S.C. § 1983.

iv.   Whether the Plaintiff's claims against the individual officers are barred because he did not properly serve the individual officers with his notice of claim as required by A.R.S. § 12-821.

v.   Whether the Plaintiff's claims against any of the Defendants for negligent supervision are barred because Plaintiff's notice of claim failed to include any facts that are the basis for such claims as required by A.R.S. § 12-821.

vi.   Whether the Defendants are immune from liability for punitive damages on Plaintiff's state claims and federal claims.

vii.   Motions under Federal Rules of Evidence – because the Plaintiff has not yet disclosed any expert, the Defendants are unable to advise whether they contemplate any motions under F.R.Evid. 702, 703, 704, and 705.

b.   Pro se Plaintiff personally states for himself, being only a pro se, he has no idea at this

time what various motions he may file but asks the court to bend over backward for the pro se litigant.

### 9. Reference to a Magistrate

The parties agree that a settlement conference and trial before a U.S. Magistrate may be appropriate at this time.

### 10. Related Cases

The Defendants contend that there are two state court cases that may be related:

a. Yavapai County Prescott Justice Court Action No. CV 20081217J. Melody Bodine v. Peter Michael Palmer (action by Melody Bodine against Plaintiff for Injunction Against Harassment) - Plaintiff's mailing and faxing legal documents to Melody Bodine gave rise to the criminal complaint for violating a court order that Officer Cook was investigating.

b. Yavapai County Prescott Justice Court Action No. CV 2009030317C, State v. Peter Michael Palmer (a misdemeanor criminal case alleging violation of a court order/Injunction Against Harassment) - dismissed against the Plaintiff without prejudice. Defendant Cook was investigating this matter at the time he questioned Plaintiff.

The Plaintiff contends that these are not related cases, especially since the second case (b) did not have a cause of action until two months into the future.

### 11. Rule 26(a) Disclosures

The parties will provide Rule 26 Disclosures within 10 days of the scheduling conference.

### 12. Electronic Discovery

The electronic discovery at this time are audio CD's recorded by the Plaintiff on January 23, 2009, and by the Prescott Regional Dispatch of radio transmissions for a period of time on the same date. The Defendants are unaware of any other electronic discovery or any issues related to such discovery. Defendants may contest the admissibility, foundation, and relevancy of the recordings that Plaintiff identifies below, after they are disclosed in discovery.

Plaintiff may present an audio CD recorded by plaintiff's witness of the prime incident, if necessary, to verify the veracity of plaintiff's recording of same. Said recording has been in possession of plaintiff's witness ever since the incident spawning this action. Plaintiff may supply recordings of phone calls he made to various official agencies, as necessary.

**13.    Privileged or Work Product Issues**

The Defendants are unaware of any issues on these matters at this time.

**14.    Necessary Discovery**

a.    The Defendants discovery includes principally court records in the above related cases, police reports and attachments, the two audio CD's referenced above, all of which are in Defendant's possession, and the testimony of all the above defendants and a police practices expert to be identified by Defendants pursuant to the order for discovery. Other discovery will include the deposition testimony of Melody Bodine and Greg Bodine, and may include other depositions of other witnesses to be identified in Plaintiff's discovery.

b.    The parties suggest no changes to the discovery limitations.

c.    The number of hours permitted for each deposition shall be as provided in Fed. R. Civ. P. 30.

**15.    Deadline Dates** (the Defendants suggest theses dates assuming the Plaintiff makes a timely Rule 26 disclosure within 10 days after the scheduling Conference.)

   a.    Settlement Talks – April 15, 2011;

   b.    Completion of Fact Discovery - August 12. 2011;

   c.    Expert Disclosures – October 14, 2011;

   d.    Expert Depositions – December 16, 2011;

   e.    Dispositive Motions – March 16, 2012.

**16. Jury Trial Requests**

Plaintiff has requested a trial by jury and none of the parties contest the right to a trial by jury.

**17. Estimated Length of Trial**

The parties suggest four (4) days, provided that both parties are afforded equal time to present testimony of their witnesses during any trial. The parties have no suggestions for shortening the trial.

Dated this 4th day of February, 2011.

PLAINTIFF

_____
PETER MICHAEL PALMER

CITY OF PRESCOTT LEGAL DEPARTMENT

_____
THOMAS A. LLOYD
Chief Assistant City Attorney